**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Fazila Dubravac, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 CV 50228 |
| | ) | Magistrate Judge Iain D. Johnston |
| Nancy A. Berryhill, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fazila Dubravac brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA") Commissioner's denial of her applications for disability, disability insurance benefits, disabled widow's benefits, and supplemental security income. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and filed cross-motions for summary judgment. Dubravac asks this Court to reverse the decision of the Commissioner claiming the ALJ's denial of her benefits request did not properly consider her lack of English language skills. This Court finds that although the ALJ properly considered evidence in the record of Dubravac's English-language limitations, she reached conflicting conclusions about the severity of those limitations and did not consult the vocational expert about how those limitations would impact the availability of work in the economy. Because the ALJ "must build an accurate and logical bridge from the evidence to her conclusion," this Court remands this matter for further proceedings consistent with this Memorandum Opinion and Order. *Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018) (internal quotation marks omitted). Plaintiff's Motion for Summary Judgment, ECF No. 11, is granted in part and denied in part. The Commissioner's Motion for Summary Judgment, ECF No. 12, is denied.

## I. Background

Fazila Dubravac was born in Bosnia and Herzegovina and lived in her home country through the Bosnian War, which lasted from 1992 until 1995. Pl. Mot. for Summ. J., ECF No. 11, 1. During that war, she witnessed physical abuse of her brother, explosions in her house and yard, and experienced additional trauma. *Id.* For work, she picked vegetables on a farm. *Id.* at 2.

Dubravac entered the United States on July 28, 2000 and is a lawful permanent resident. *Id.* at 1. She worked for an HVAC filter manufacturing company from September 26, 2000 until it closed on August 20, 2009. *Id.* at 2. Shortly thereafter on October 30, 2009, Dubravac's husband died. *Id.* After the company closed, Dubravac sporadically worked at a restaurant rolling silverware. *Id.*

On October 30, 2011, Dubravac applied for disability benefits, noting the onset date of her disability as August 20, 2009. *Id.* She reported her ability to work was limited by physical conditions and anxiety. *Id.* Dubravac complained of panic attacks and flashbacks of the war, difficulty sleeping, isolation from her family, and trouble managing her money. *Id.* at 2-3. She was treated for severe uncontrolled hypertension, depressive disorder, and posttraumatic stress disorder (PTSD). *Id.*

Dubravac's application for benefits was initially denied on April 19, 2012 and denied again upon reconsideration on August 22, 2012. *See* ALJ's Jan. 31, 2014 decision, ECF No. 6-5, 9. A video hearing was held before Administrative Law Judge ("ALJ") William Wenzel of the Social Security Administration on November 1, 2013 and Dubravac was represented by counsel at the hearing. *Id.* ALJ Wenzel issued an unfavorable decision on January 31, 2014, *see* ECF No. 6-5, 9-19, which was amended on September 4, 2014, *see id.* at 28-38. Dubravac asked for review by the SSA's Appeals Council. Upon consideration of ALJ Wenzel's opinion, the record, and new and material medical evidence, the Appeals Council remanded the decision for further evaluation of the severity

of Dubravac's mental impairments. *See* Appeals Council's Feb. 23, 2016 Order, *id.* at 42-44. The new evidence consisted of mental health medical records from 2014 through 2016, including a report dated May 9, 2014 from psychiatrist Dr. Michael Kuna. ECF No. 6-3, 21. Dr. Kuna wrote that Dubravac would likely be off task at least 30% of the workday, would likely miss work, had extreme limitations in maintaining social functioning, and marked limitations in maintain concentration. ECF No. 11, 5.

A second video hearing was held on September 27, 2016 before a new ALJ, Jessica Inouye, and Dubravac was represented by counsel. ECF No. 6-3, 21. An impartial medical expert, psychologist Dr. Allen Heinemann, and an impartial vocational expert, Toby Andre, also testified at the hearing. *Id.* Dubravac testified that she lives with her son, speaks little to no English, and that being out of the workforce for three years had caused her to lose her ability to communicate effectively. *Id.* Dr. Heinemann opined that Dubravac did not meet or equal the mental health listings, found Dr. Kuna's opinion unsupported by medical records, and testified "with the general public, I think [Dubravac] could interact briefly and superficially." *Id.* at 5-6.

In her December 22, 2016 written decision, ALJ Inouye denied Dubravac's request for disability benefits, finding that she had not been under a disability at any time. *Id.* at 21-36. The ALJ noted in her decision that Dubravac wanted her to account for Dubravac's lack of English language proficiency in her residual functional capacity (RFC) conclusion; however, a language limitation is a vocational factor, "not a limitation stemming from her impairments." *Id.* at 35. The ALJ also added that evidence in the record, including a claimant-completed Function report written in the first person, demonstrated Dubravac's "clear English phonetics usage" and a "basic grasp of written English." *Id.* at 36. Dubravac's request for review by the SSA's Appeals Council was denied. Def.'s Mot. for Summ. J., ECF No. 12, 1. Dubravac now asks this Court to review the ALJ's decision denying benefits. *See* ECF No. 11.

## II. Standard of Review

The Commissioner's final decision is subject to review pursuant to Section 405(g) of the Social Security Act. *See* 42 U.S.C. § 405(g). When a claimant requests review of the SSA's decision denying benefits, a court is "limited to determining in disability cases whether the Commissioner's final decision is both supported by substantial evidence and based on the proper legal criteria." *Mogg v. Barnhart*, 199 Fed. App'x 572, 575 (7th Cir. 2006). "As the Supreme Court explained in *Richardson v. Perales*, 402 U.S. 389, 401 (1971), [substantial evidence] requires more than 'a mere scintilla' of proof and instead 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Egly v. Berryhill,* No. 18-1030, 2018 U.S. App. LEXIS 22831, at *8 (7th Cir. Aug. 16, 2018). It is not the courts' role to "reweigh the evidence" or substitute its judgment for the ALJ's. *Id.* at *8-9. Rather, the court must look to whether the ALJ built "an accurate and logical bridge between the evidence and his conclusion" that the claimant is not disabled. *Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018) (internal quotation marks omitted). "Where the Commissioner's decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required.'" *Karafezieva v. Colvin,* No. 15 C 1186, 2016 U.S. Dist. LEXIS 102162, *18 (N.D. Ill. Aug. 4, 2016) (quoting *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009))

## III. Discussion

In her opening brief, Dubravac argues the ALJ's decision should be overturned for two reasons: first, the ALJ failed to account for her inability to communicate effectively in English, *see* ECF No. 11, 7-9; and second, that the ALJ failed to properly consider Dr. Kuna's opinion, or instead, thoroughly articulate her reasons for not considering the opinion, *see id.* at 10-11. However, Dubravac's reply abandons her second argument regarding the consideration of Dr. Kuna's opinion, and therefore this Court will not address it. *Levin v. Miller*, 763 F.3d 667, 670 (7th Cir. 2014). Thus, the only issue before this Court is whether the ALJ provided proper analysis about the effects of

4

Dubravac's English-language limitations on her ability to work. After careful consideration of the record, the Court finds the ALJ's did consider this evidence, but her conclusions are not supported by substantial evidence and require remand for adequate analysis.

First, the ALJ's conclusions are conflicting. The ALJ reaches the following conclusion (finding number ten):

> "The claimant cannot communicate in English, and is considered in the same way as an individual who is illiterate in English (20 CFR 404.1564 and 416.964)."

ECF No. 6-3, 35. Later, in finding number twelve, after concluding "there are jobs existing in significant numbers in the national economy that claimant can perform," the ALJ explained Dubravac's English-language limitations do not impact her ability to find a job because she does, in fact, have some English capacity. *Id.* The ALJ cited Dubravac's testimony that "she can understand, but not speak English" and that "[s]he took English classes at [a community college] for two years," as well as Dubravac's self-completed Function report, which contained "few errors" and "showed clear English phonetics usage." *Id.* at 35-36. These two findings – ten and twelve – stand in stark contrast to one another and cannot both be supported by substantial evidence. This Court could have found that a finding of illiteracy was supported by evidence in the record; likewise, so would be a finding of some English capacity. What's required for a court to affirm an ALJ's decision is a proper analysis of the evidence and determination of credibility, a determination best suited for an ALJ and not this Court. *See Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015) ("The Court will not overturn an ALJ's credibility determination unless it is "patently wrong."); *see also Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013)("The patently wrong standard is 'extremely deferential' to an ALJ's credibility determination."). Had the ALJ stuck to one of these conclusions and supported it with her analysis, this Court could have found it supported by substantial evidence. But a court cannot affirm an ALJ's decision that is contradictory.

Second, the ALJ erred by failing to ask the vocational expert to adjust the number of jobs in the economy for Dubravac's English-language limitations based on the ALJ's determination the severity of Dubravac's limitations. Both Dubravac and the Commissioner discuss *Pulido v. Colvin*, No. 13 C 0164, 2014 U.S. Dist. LEXIS 100460 (N.D. Ill. July 23, 2014), at length in their briefs. *See* ECF No. 11, 9; ECF No. 12, 4-5; Pl.'s Reply Br., ECF. No. 13, 1-3. Just like Dubravac, the claimant in *Pulido* had considerable English-language limitations, yet the vocational expert testified the claimant could perform jobs that exist in significant number in the economy. *Pulido*, 2014 U.S. Dist. LEXIS 100460, at *14-15. The court in *Pulido* concluded that a "reasonable explanation why [a plaintiff] can perform jobs that exist in the economy despite her illiteracy in English" was warranted. *Id.* at *15. The ALJ's failure to request such an explanation required remand. *Id.* The same explanation is required in this case and, thus, requires remand.

The ALJ's error is further illuminated in the record by the vocational expert's response to Dubravac's counsel when questioned about whether English-language limitations were a factor considered in his answer about the number of jobs available to Dubravac in the economy. The vocational expert testified to the following:

> "A: No. That was not part of the restrictions. . . . It is my understanding, Mr. Esmond, that the hypothetical did not include not being able to understand in English. Now I did erode the numbers [based] on other limitations in the hypotheticals, but I did not include communication or not communicating in English."

ECF No. 11, 8. "The ability to speak, read and understand English is 'an educational factor' relevant to determining what work, if any, a claimant can perform." *Karafezieva*, 2016 U.S. Dist. LEXIS 102162, at *23; *see also* 20 C.F.R. § 416.964(b)(5). Because the ALJ based her conclusion on the testimony of the vocational expert, *see* ECF No. 6-3, 36, she was obligated to consider vocational expert's opinion of the number of jobs available, reflective of her determinations of Dubravac's limitations.

6

## IV. Conclusion

In summary, this Court must reverse and remand this decision because the ALJ provided conflicting conclusions about Dubravac's English-language limitations and failed to ask the vocational expert for adjusted numbers of available jobs in the economy, based on the ALJ's determination of her language proficiency. Thus, the ALJ did not build and accurate and logical bridge between the evidence and her conclusions as required by law. The Court offers no opinion as to the other alleged bases of error raised by Dubravac, as she abandoned those bases in her reply brief. Plaintiff's Motion is granted in part and denied in part; the Commissioner's Motion is denied. The decision of the Commissioner is reversed and remanded for further review consistent with this opinion.

Date: December 17, 2018  By: _____
                              Iain D. Johnston
                              United States Magistrate Judge